IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GINGER PETERS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-05-0656-HE |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ginger Peters instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for supplemental security income benefits and disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Shon T. Erwin, who has issued his Report and Recommendation suggesting that the Commissioner's decision be reversed and the matter remanded for further administrative proceedings. The magistrate judge found that the administrative law judge's credibility analysis was inadequate and that the error in determining the plaintiff's credibility tainted the residual functional capacity findings.

The parties, having failed to object to the Report and Recommendation, waived their right to appellate review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). See 28 U.S.C. § 636(b)(1)(C); LCvR72.1(a). Accordingly, the court adopts Magistrate Judge Irwin's Report

1

and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order.

**IT IS SO ORDERED.**

Dated this 19TH day of Sept., 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GINGER PETERS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No.　　CIV-05-656-HE<br>)<br>)<br>)<br>)<br>)<br>) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) and disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

### PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on November 26, 2002 alleging a disability since December 5, 2001 (TR. 12, 44-46). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 21, 22, 12). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on June 21, 2004 (TR. 264-299). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the applications (TR. 242-265). A vocational expert (VE) also testified at the request of the ALJ (TR. 265-298). The ALJ issued his decision on July 9, 2004 finding that Plaintiff was not entitled to

DIB or SSI (TR. 12-19). The Appeals Council denied the Plaintiff's request for review on April 14, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 18). At step two, the ALJ concluded that Plaintiff had severe impairments due to migraine headaches and organic mental disorders (TR. 18). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 18). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was

2

not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 18-19).

On appeal to this Court, Plaintiff alleges that the ALJ erred by failing to properly evaluate her credibility and her RFC. The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529 and 416.929, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* at 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164.

The mere existence of pain is insufficient to support a finding of disability. The pain must be considered "disabling." *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) ("Disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. The Court specifically noted that the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of

3

> the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* at 391; *See* 20 C.F.R. §404.1529(c)(3) and §416.929(c)(3). The Tenth Circuit remanded the case, requiring the Secretary to make "express findings in accordance with *Luna*, with reference to relevant evidence as appropriate, concerning claimant's claim of disabling pain." *Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372;

In this case, the ALJ did offer some discussion of Plaintiff's credibility,

> The Administrative Law Judge finds, that the claimant's allegations of disabling impairment are not supported by credible facts and findings from which it can be concluded that she has an impairment that could reasonably be expected to cause the degree of limitation, which she alleged. There is no indication that her daily activities were curtailed to an extent that would suggest an inability to engage in all work activity. She testified that she was able to drive some and that her boyfriend visits her. Although the claimant does experience some limitations, the Administrative Law Judge was not persuaded that it rose to a level of severity and was of such duration and intensity to preclude her from engaging in all substantial gainful activity

(TR. 16-17). However, the ALJ failed to adequately discuss the levels of Plaintiff's medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of her daily activities---other than driving, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

As in *Kepler*, the ALJ's credibility analysis in this case is inadequate and the court is left to speculate what specific evidence led the ALJ to his conclusion. *Kepler* at 391. No amount of *post hoc* justification, as appears in abundance in the Secretary's brief, can cure the ALJ's failure to analyze the specific evidence which led him to the conclusion that Plaintiff was not credible. The Secretary's error in determining Plaintiff's credibility taints her RFC findings.

4

On remand, the Secretary should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is **not** supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 21st day of August, 2006.

*Shon T. Erwin*
SHON T ERWIN
UNITED STATES MAGISTRATE JUDGE

5